HEARD NOV. TERM, 1871.

WEATHERLY *vs.* JACKSON.

On the 28th May, 1869, an order setting aside an assignment of defendant's homestead, was made by the Circuit Judge, and on the 24th March, 1871, defendant appealed from the order. Appeal dismissed on the ground that it was not taken within the time allowed by law.

Appeals from judgments, decrees, or orders prior to January 1st, 1871, are controlled by § 463 of the Code of Procedure, which limits the term for appealing in such cases to the time allowed by the law existing at the adoption of the Code, and no law then existing allowed an appeal after one year.

BEFORE RUTLAND, J., AT MARLBOROUGH, MAY TERM, 1869.

. T. C. Weatherly held an execution against Emanuel Jackson, which had been lodged in the Sheriff's office. The judgment was on a contract made before the adoption of the present Constitution. The Sheriff, having made a levy on defendant's land under the execution, caused a homestead to be assigned to him according to the provisions of the Act in that case made and provided. The plaintiff thereupon moved the Court at its present term to set aside the assignment, on the ground that the Act was unconstitutional so far as it affected prior contracts, and the presiding Judge granted the order. The order was dated May 28th, 1869. The Sheriff then sold the land to one James T. Covington, for $3,830, and conveyed the same to him.

On March 24th, 1871, the defendant, Johnson, appealed from the order, and served notice of the appeal on Weatherly and Covington, as respondents.

*Johnson,* for appellant.

*Townsend, Hudson,* contra, moved to dismiss the appeal on the ground that it was not taken within the time allowed by law. They

contended that the case was within § 463 of the Code, and that no law in existence at the adoption of the Code allowed more than one year within which to appeal. In this case one year nine months and twenty-seven days elapsed after the order was made.

March 1, 1872. The opinion of the Court was delivered by

WILLARD, A. J. The order of the Circuit Court appealed from was made on the 28th of May, 1869. The present appeal was taken on the 24th of March, 1871. The respondent moves to dismiss the appeal on the ground that it was not taken in time.

Unless this appeal can be brought within the provisions of the Code of Procedure, it cannot be maintained. It is not necessary to consider whether the right of appeal was originally affected by the clause of Section 2 of the Act to Regulate Appeals and Writs of Error in the Supreme Court, 14 Stat., 12, which provides that " writs of error shall not be granted unless brought within one year after rendering the judgment or passing the decree complained of ;" for whether governed by that clause or by the law as it stood prior to that Act, it could not be taken after a delay of upwards of a year.

The appeal in question is embraced in the language of the third sub-division of Section 11 of the Code of Procedure, it being a final order affecting a substantial right made upon a summary application in an action after judgment. The right involved, being a claim to homestead exemption, must be regarded as substantial. Appeals to the Supreme Court other than those taken under the second sub-division of Section 11, are allowed to be taken within two years.— Code, Section 357, 358. Therefore, but for the operation of Section 463, the appellant would have had two years after the entry of the order within which to take his appeal.

Section 463 provides that " wherever a right now exists to have a review of a judgment rendered, or order or decree made before the first day of January, 1871, such review can only be had upon an appeal taken in the manner provided by this Act ; but all appeals or writs of error heretofore taken from such judgments, orders or decrees, which are still pending in an appellate Court and not dismissed, shall be valid and effectual. But this Section shall not extend the right of review to any case or question to which it does not now extend, nor the time of appealing." This Section was clearly intended to regulate proceedings by appeal on judgments, decrees or orders, prior to January 1, 1871, both as it regards appeals then

pending and appeals thereafter to be brought. The present appeal belongs to the last named class.

The clear intent is to give to the appellant no more right in respect to the subject-matter of the appeal, and no extension of the time as fixed by antecedent laws.

This case is controlled by the provisions of Section 463, and it follows accordingly that the appeal was not taken in time.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.